STATE OF HAWAII, Plaintiff-Appellee, *v.* JUAN A. GUERRIOS, Defendant-Appellant

NO. 13260

(CRIMINAL NO. 87-1534)

MAY 10, 1989

BURNS, C.J., HEEN AND TANAKA, JJ.

OPINION OF THE COURT BY BURNS, C.J.

Defendant Juan A. Guerrios (Guerrios) appeals the lower court's (1) June 13, 1988 order denying his June 2, 1988 motion for a new trial, (2) July 22, 1988 judgment of conviction for attempted sexual assault in the first degree and assault in the second degree, and (3) August 2, 1988 order granting the prosecution's May 20, 1988 motion for imposition of a ten-year mandatory minimum term of imprisonment. We affirm (1) and (2), vacate (3), and remand for further action.

At approximately 5:00 p.m. on November 1, 1987, Ms. Charmaigne Benton (Benton), a prostitute, met Guerrios, a sergeant in the United States Army, at a convenience store in downtown Honolulu. Benton entered Guerrios' vehicle, and Guerrios drove to the Chinese Cultural Plaza parking lot, where Benton began performing fellatio on Guerrios.

After Benton commenced her services, and while she was in Guerrios' vehicle, Benton and Guerrios engaged in an altercation. During this altercation, Benton suffered various injuries, including a laceration to the head. Benton then exited Guerrios' vehicle and screamed for help.

Two individuals heard Benton's screams and came to her aid. They saw Guerrios drive his vehicle out of the parking lot and wrote down his license plate number.

After the police arrived at the scene, Benton was taken to Queen's Hospital where she was photographed and treated for her injuries.

Benton testified that the altercation between her and Guerrios ensued because she refused to allow Guerrios to have anal intercourse with her. She testified that Guerrios threatened to shoot her with a handgun and then beat her with the handgun when she attempted to take it away from him.

Guerrios testified that while he was in his car at the convenience store, Benton asked him for a date; that he consented; that she got into his car; that she requested and he paid $40 in advance; and

that she navigated while he drove to the parking garage. When Benton told him that her schedule of prices was $40 for a masturbation, $60 for regular sex, and $100 for anal sex, he realized what he was doing and that she was a "real prostitute". He changed his mind and asked for his money back. Benton refused to give him his money back and demanded to be returned to where he picked her up. When he insisted that she vacate his car, the altercation began. Guerrios denied that he either possessed or used a firearm during the incident and testified that Benton hit him first with a stick she found in his vehicle. He also stated that he took the stick away from her, hit her with it, and then threw it away as he drove home that evening.

On May 4, 1988 a jury convicted Guerrios of Counts I and III as follows:[1]

COUNT I: On or about the 1st day of November, 1987, in the City and County of Honolulu, State of Hawaii, JUAN A. GUERRIOS did intentionally attempt to knowingly subject Charmaigne Y. Benton to an act of sexual penetration by strong compulsion by attempting to insert his penis into her anus, an act which constitutes a substantial step in a course of conduct intended to culminate in the commission of the crime of Sexual Assault in the First Degree in violation of Sections 705-500 and 707-730(1) (a) of the Hawaii Revised Statutes.

COUNT III: On or about the 1st day of November, 1987, in the City and County of Honolulu, State of Hawaii, JUAN A. GUERRIOS did intentionally or knowingly cause bodily injury to Charmaigne Y. Benton with a dangerous instrument, to wit, a handgun, thereby committing the offense of Assault in the Second Degree in violation of Section 707-711(1) (d) of the Hawaii Revised Statutes.

Record at 1-2.

Guerrios' appeal involves three points.

---

[1] The jury acquitted Guerrios of Count II which charged him with kidnapping in violation of Hawaii Revised Statutes § 707-720(1)(d) (Supp. 1988).

## I.

Guerrios contends that the lower court reversibly erred when it permitted the prosecution to introduce into evidence five 16-inch by 20-inch color photographs of Benton's injuries. We disagree. Upon a review of the record, we conclude that the lower court did not abuse its discretion when it decided that the probative value of the pictures was not outweighed by the danger of unfair prejudice. *See State v. Iaukea,* 56 Haw. 343, 537 P.2d 724 (1975); *State v. Ahlo,* 2 Haw. App. 462, 634 P.2d 421 (1981).

## II.

Guerrios contends that the lower court abused its discretion when it denied his June 2, 1988 motion for a new trial. We disagree. The motion was based on the jury foreperson's alleged post-verdict statement to Guerrios' counsel that Guerrios testified on cross-examination that he had asked for or desired to have anal sex with Benton. Assuming the jury foreperson actually made that factually incorrect statement, it is not a ground for a new trial.

Rule 606(b), Hawaii Rules of Evidence, Chapter 626, Hawaii Revised Statutes (HRS) (1985), states as follows:

> Inquiry into validity of verdict or indictment. Upon an inquiry into the validity of a verdict or indictment, a juror may not testify concerning the effect of anything upon the juror's or any other juror's mind or emotions as influencing the juror to assent to or dissent from the verdict or indictment or concerning the juror's mental processes in connection therewith. Nor may the juror's affidavit or evidence of any statement by the juror indicating an effect of this kind be received.

The jury foreperson's statement concerns his misrecollection of Guerrios' testimony. That misrecollection is relevant only if it had a material effect on the jury foreperson's or any other juror's mind, emotions, or mental processes as influencing him or her to assent to or dissent from the verdict. Consequently, evidence of the jury foreperson's misrecollection of the evidence is barred by Rule 606(b), Hawaii Rules of Evidence.

### III.

Guerrios contends that the lower court reversibly erred when it sentenced him to a ten-year mandatory minimum term of imprisonment without a finding by the jury that he possessed, used, or threatened to use a firearm while committing the crime described in Count I. We disagree.

Count I is a class A felony, HRS § 707-730(2) (Supp. 1988) and HRS § 705-502 (1985). Count III is a class C felony, HRS § 707-711(2) (Supp. 1988).

HRS § 706-659 (1985) states in relevant part as follows: "[A] person who has been convicted of a class A felony shall be sentenced to an indeterminate term of imprisonment of twenty years without possibility of suspension of sentence or probation."

HRS § 706-669(1) (1985) states as follows:

> When a person has been sentenced to an indeterminate or an extended term of imprisonment, the Hawaii paroling authority shall, as soon as practicable but no later than six months after commitment to the custody of the director of the department of social services and housing hold a hearing, and on the basis of the hearing make an order fixing the minimum term of imprisonment to be served before the prisoner shall become eligible for parole.

HRS § 706-660.1(a)(2) and (4) (Supp. 1988) state as follows:

> (a) A person convicted of a felony, where the person had a firearm in his possession or threatened its use or used the firearm while engaged in the commission of the felony, whether the firearm was loaded or not, and whether operable or not, may in addition to the indeterminate term of imprisonment provided for the grade of offenses be sentenced to a mandatory minimum term of imprisonment without possibility of parole or probation the length of which shall be as follows:
>
>     \*   \*   \*
>
> (2) For a class A felony — up to 10 years[.]
>
>     \*   \*   \*
>
> (4) For a class C felony — up to 3 years.

The jury was not asked to determine whether Guerrios possessed, used, or threatened to use a firearm while committing

Count I. On May 20, 1988 the State moved for the imposition of a ten-year mandatory minimum sentence pursuant to HRS § 706-660.1(a)(2). In granting the motion, the trial judge did not expressly find the presence of a firearm but stated that "the Court believes that the mandatory minimum is warranted" and "the facts of the case do warrant that I impose the mandatory minimum, and so the motion is granted".

### A.

HRS § 706-660.1(a)(2) and its legislative history are silent on the question of who is authorized to decide the question of fact whether the felon who is being sentenced possessed, used, or threatened to use a firearm while engaged in the commission of the class A felony. In the absence of any express requirement to the contrary, we conclude that HRS § 706-660.1(a)(2) authorizes the court to decide this question of fact.

### B.

Does Guerrios have a state or federal constitutional right to a jury determination of the question of fact whether he possessed, used, or threatened to use a firearm while engaged in the commission of the class A felony?

*State v. Wedge,* 293 Or. 598, 652 P.2d 773 (1982), answered this question in the affirmative on the ground that "[a]lthough the challenged statute is denominated an enhanced penalty statute, in effect it creates a new crime." 293 Or. at 608, 652 P.2d at 778. *McMillan v. Pennsylvania,* 477 U.S. 79, 106 S. Ct. 2411, 91 L. Ed. 2d 67 (1986), and *State v. Kleber,* 575 P.2d 900 (Kan. App. 1978), answered this question in the negative. We answer the question in the negative. First, the question of fact at issue is a fact relating to sentencing and not to the elements of the crime for which sentence is being imposed. The material elements of the class A felony of attempted sexual assault in the first degree do not include the possession, use, or threat of use of a firearm.

Second, when the jury convicted Guerrios of the class A felony of attempted sexual assault in the first degree, the State thereby

acquired the right to control 20 years of Guerrios' life. HRS § 706-660.1(a)(2) does not in any way increase the State's right to control Guerrios' life. All it does is specify the mandatory imprisonment the sentencing judge may impose on him for up to 10 of those 20 years if he possessed, used, or threatened to use a firearm while engaged in the commission of the class A felony for which he is being sentenced.

## C.

What rules of evidence apply and what is the State's burden of proof when establishing the fact that Guerrios possessed, used, or threatened to use a firearm while engaged in the commission of the class A felony?

*State v. Huelsman,* 60 Haw. 71, 588 P.2d 394 (1978), concluded that HRS § 706-662, Hawaii's extended prison term statute, involves a two-step process. The first step involves a finding by the court that the defendant is within the class of offenders to which the statute applies. The second step involves a determination by the court that defendant's commitment for an extended term is necessary for the protection of the public.

*State v. Kamae,* 56 Haw. 628, 548 P.2d 632 (1976), held that the first-step facts are not facts until they are established by proof beyond a reasonable doubt subject to the ordinary rules of evidence. *Huelsman, supra,* held that the second-step facts are not facts until they are established by proof more probable than not subject to the rules of evidence applicable to ordinary sentencing.

Here, the question of fact whether Guerrios possessed, used, or threatened to use a firearm while committing the class A felony is a first-step fact. Therefore, that question of fact must be established and found beyond a reasonable doubt subject to (1) the ordinary rules of evidence an (2) the exception that if the judge deciding this question of fact was the trial judge at the jury or bench trial, then the judge may, in addition to the evidence presented at the hearing on the motion for imposition of a mandatory minimum term of imprisonment, consider all of the evidence introduced at the trial.

## D.

Did the lower court find beyond a reasonable doubt that Guerrios possessed, used, or threatened to use a firearm while committing the offense described in Count I? Because the record does not reveal the answer to this question, we remand for an express finding on this issue.

## CONCLUSION

Accordingly, (1) we affirm the lower court's June 13, 1988 order denying Guerrios' June 2, 1988 motion for a new trial and its July 22, 1988 judgment of conviction and (2) we vacate its August 2, 1988 order granting the prosecution's May 20, 1988 motion for imposition of a ten-year mandatory minimum term of imprisonment and remand for further action consistent with this opinion.

*Charles B. Fey* on the brief for defendant-appellant.

*Vickie L. Silberstein,* Deputy Prosecuting Attorney, City & County of Honolulu, on the brief for plaintiff-appellee.