STATE OF HAWAI'I, Plaintiff–Appellee, v. ERIC W. SCHROEDER, Defendant–Appellant.

NO. 15356

(CR. NO. 85–1298)

JULY 21, 1992

BURNS, C.J., HEEN AND WATANABE, JJ.

536

OPINION OF THE COURT BY HEEN, J.

Defendant–Appellant Eric Schroeder (Defendant) was indicted on October 25, 1985, for the offenses of Robbery in the First Degree (Count I), Hawai'i Revised Statutes (HRS) § 708–840(1)(b)(ii) (1985 & Supp. 1991), and Kidnapping (Count II), HRS § 707–720(1)(c) (Supp. 1991). On January 30, 1987, after a bench trial, Defendant was convicted on both counts.[1] On March 10, 1987, the State filed a motion for imposition of a mandatory minimum sentence of ten years for each conviction pursuant to HRS § 706–660.1(a) (1985)[2] on the ground that

---

[1] In announcing the verdict at the end of trial, the court found that Defendant had not released the kidnapping victim in a safe place prior to trial. Consequently, Count II was not reduced to a class B felony under Hawai'i Revised Statutes (HRS) § 707–720(3) (Supp. 1991).

[2] HRS § 706–660.1(a) (1985) reads as follows:

**Sentence of imprisonment for use of a firearm in a felony.** (a) A person convicted of a felony, where the person had a firearm in his possession and threatened its use or used the firearm while engaged in the commission of the felony, may be sentenced to a mandatory term of imprisonment the length of which shall be as follows:

(1) For a class A felony–up to 10 years; and

(2) For a class B felony–up to 5 years.

Defendant used a gun in committing the offenses, which were part of one episode. On March 25, 1987, the court sentenced Defendant to two concurrent maximum prison terms of 20 years. The court also granted the State's motion and sentenced Defendant to serve a concurrent mandatory minimum term of ten years on each count.

Defendant appealed his convictions on April 20, 1987. On July 15, 1987, Defendant filed a motion for reduction of his sentence, which was denied. The convictions were affirmed by this court in a memorandum opinion filed on October 6, 1988 (S. Ct. No. 12142).

On July 6, 1989, Defendant, acting *pro se*, filed a Motion To Correct Illegal Sentence (Motion).[3] After a hearing, the court entered findings of fact and conclusions of law and an order (Order) denying the Motion on April 26, 1991.[4] Defendant filed his notice of appeal of the Order on May 23, 1991.

On appeal, Defendant argues that:

(1) the entire sentence was illegal because the court was not provided with a report of a "pre–sentence correc-

---

The sentence of imprisonment for a felony involving the use of a firearm as provided in this subsection shall not be subject to the procedure for determining minimum term of imprisonment prescribed under section 706–669, provided further that a person who is imprisoned in a correctional institution as provided in this subsection shall become subject to the parole procedure as prescribed in section 706–670 only upon the expiration of the term of mandatory imprisonment fixed under (a)(1) or (2), herein.

[3] An illegal sentence may be corrected at any time. Rule 35, Hawai'i Rules of Penal Procedure (1980).

[4] Defendant's Motion To Correct Illegal Sentence included a request to credit against his prison term time that he had spent in custody following his arrest. That request was granted in a separate order.

tional diagnosis" of Defendant as required by HRS § 706–601 (1985 & Supp. 1991);

(2) the mandatory minimum sentence imposed for Count II was illegal because (a) the indictment did not give him notice of the possibility of its imposition, and (b) the sentencing court did not find beyond a reasonable doubt that Defendant had used or threatened to use a firearm while committing a felony; and

(3) the court erred in not ordering and considering a pre–sentence correctional diagnosis and report before ruling on his motion for a reduction of the sentence.

We affirm the Order except with respect to the minimum sentence imposed for Count II and remand with instructions to vacate the mandatory minimum sentence imposed for that count.

## I.

HRS § 706–600 (1985) requires that all sentences be imposed in accordance with HRS chapter 706. Defendant asserts that the court did not order or receive a pre–sentence correctional diagnosis and report as required by HRS § 706–601(1)(a) (1985 & Supp. 1991).[5] Therefore, since the information required under HRS § 706–602 (1985)[6] was not furnished to the court for its consideration

---

[5] HRS § 706–601(1)(a) (1985 & Supp. 1991) reads as follows:

**Pre–sentence diagnosis and report.** (1) The court shall order a pre–sentence correctional diagnosis of the defendant and accord due consideration to a written report of the diagnosis before imposing sentence where:

(a) The defendant has been convicted of a felony[.]

[6] HRS § 706–602 (1985) reads as follows:

**Pre–sentence diagnosis, notice to victims, and report.** The pre–sentence diagnosis and report shall be made by person-

in imposing sentence, the sentences were not imposed in accordance with the provisions of HRS chapter 706, and were illegal. The argument is without merit.

The record shows that, upon finding Defendant guilty, the trial court "referred [Defendant] to the Adult Probation Division for a pre–sentence report prior to [the sentencing] hearing." At the sentencing hearing, the court stated it had "read and reviewed the pre–sentence report" dated March 11, 1987. The record also shows that Defendant was furnished a copy of the report, examined it with his attorney, and made minor corrections to it through his attorney. A copy of the pre–sentence report is attached to Defendant's "Ex Parte Motion For Leave To File Presentence Report" filed on October 30, 1991. The report set forth the circumstances of the offense and information on Defendant's arrest in California.

Defendant's argument is based on the probation officer's statement in the first paragraph of the report that the report was "in lieu of a presentence report" because Defendant had refused to furnish any information to the

---

nel assigned to the court, intake service center or other agency designated by the court and shall include an analysis of the circumstances attending the commission of the crime, the defendant's history of delinquency or criminality, physical and mental condition, family situation and background, economic status and capacity to make restitution or to make reparation to the victim or victims of his crimes for loss or damage caused thereby, education, occupation, and personal habits, and any other matters that the reporting person or agency deems relevant or the court directs to be included.

The court personnel, service center, or agency shall give notice of the Criminal Injuries Compensation Act, the application for compensation procedure, and the possibility of restitution by the defendant to all victims of the convicted defendant's criminal acts.

probation officer. The probation officer's statement does not affect the substance of the report.

Admittedly, due to Defendant's recalcitrance, the portion of the report prepared by the probation officer does not contain information regarding Defendant's "physical and mental condition, family situation and background, economic status and capacity to make restitution or to make reparation . . . , education, occupation, and personal habits," as required by HRS § 706–602. However, the report includes a handwritten letter from Defendant to the probation officer, which provides enough of the missing information to satisfy the statute. In the letter, Defendant set forth, albeit not in great detail, information regarding his family, employment, arrest record, "present and future prison life," and prospects for his future.

Additionally, the report includes a letter from Mr. Wally Inglis, Program Director of the Mental Health Association in Hawai'i, which describes Defendant as "a bright, articulate, sensitive person who cares not only for his own well–being, but is also willing to speak up for the rights and needs of those who share his predicament[.]"

In our view, the material presented to the court provided sufficient information for the court to make a reasoned judgment on the proper sentence to be imposed for Defendant's convictions.[7] The pre–sentence report

---

[7] " 'Before making the sentencing determination, a judge may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come.' " *State v. Huelsman*, 60 Haw. 71, 82, 588 P.2d 394, 402 (1978) (quoting *United States v. Grayson*, 438 U.S. 41, 50, 98 S. Ct. 2610, 2615, 57 L. Ed. 2d 582, 589 (1978)).

sufficiently complied with HRS § 706–602, and HRS chapter 706 was not violated.

## II.

The indictment's counts read as follows:

COUNT I: On or about the 13th day of April, 1985, in the City and County of Honolulu, State of Hawai'i, ERIC W. SCHROEDER, while in the course of committing theft, and while armed with a dangerous instrument, to wit, a handgun, did threaten the imminent use of force against Phillip M. Richards, a person who was present, with the intent to compel acquiescence to the taking of or escaping with the property, thereby committing the offense of Robbery in the First Degree in violation of Section 708–840(1)(b)(ii) of the Hawai'i Revised Statutes.

COUNT II: On or about the 13th day of April, 1985, in the City and County of Honolulu, State of Hawai'i, ERIC W. SCHROEDER did intentionally restrain Phillip M. Richards with intent to facilitate the commission of a felony or flight after the commission of a felony, thereby committing the offense of Kidnapping in violation of Section 707–720(1)(c) of the Hawai'i Revised Statutes.

Citing *State v. Estrada*, 69 Haw. 204, 738 P.2d 812 (1987), and *State v. Apao*, 59 Haw. 625, 586 P.2d 250 (1978), Defendant argues that the mandatory minimum sentence imposed for Count II was illegal because the indictment did not give him fair notice that the charge against him included the use of a handgun, and the trial

judge did not find beyond a reasonable doubt that a handgun was used in committing the offenses.[8]

In *Estrada*, the defendant was convicted of attempted murder, and the State moved for an enhanced sentence under HRS § 706–606.1(1)(a) on the ground that the defendant's conviction was for the attempted murder of a police officer on active duty.[9] The trial court held the statute applicable and sentenced the defendant to life imprisonment without the possibility of parole.

On appeal, the defendant contended that, since the complaint did not charge a violation of HRS § 706–606.1(1)(a), he never received notice that the statute would be invoked, and the sentence was illegal. He also argued that the applicability of the statute was a fact question for the jury to decide.

The supreme court stated:

Apao required a defendant to have "fair notice of the charges against" him: the aggravating circumstances must be *alleged in the indictment and found by the jury.*

Estrada was entitled to due process at his sentencing. Judge Mossman could not make the factual findings that Officer Taguma was on duty when shot. The jury had to but did not determine whether Estrada committed attempted murder and the applicability of HRS § 706–606.1(1)(a).

---

[8] In the opening brief, Defendant asserts the argument against both counts. In his reply brief, however, he limits the argument to Count II. The argument is without merit as to Count I. Since Count I alleges the use of a handgun, the guilty verdict was a finding beyond a reasonable doubt that the aggravating circumstance existed.

[9] HRS § 706–606.1(1)(a) was repealed in 1986. Act 314, 1986 Haw. Sess. Laws § 16.

*Estrada*, 69 Haw. at 230, 738 P.2d at 829 (emphasis in original and citations omitted).

In *Apao*, the indictment charged the defendant with the murder of a person who the defendant knew was a witness in a separate murder prosecution. *See generally* HRS § 706–606(a)(ii) (1976).[10] On appeal from his conviction, the defendant argued that the trial court should have granted his motion to dismiss the indictment because knowledge of the victim's status was not an element of the offense, and the allegation was inflammatory and prejudicial.

Although the supreme court agreed that the defendant's knowledge of the victim's status was not an element of the offense, it held that its inclusion did not prejudice the defendant or destroy his presumption of innocence. The supreme court stated that

> the better rule is to include in the indictment the allegations which, if proved, would result in application of a statute enhancing the penalty for the crime committed. This will give defendants fair notice of the charges against them.

*Apao*, 59 Haw. at 636, 586 P.2d at 258 (footnote omitted).

*Estrada* went beyond *Apao* and established an unequivocal rule: a defendant may not be given an enhanced sentence on account of aggravating circumstances pursuant to a statute providing therefor unless the aggravating circumstances are alleged in the complaint or indictment, and the statute's applicability has been determined by the trier of fact.

---

[10] HRS § 706–606 was amended by Act 314, 1986 Haw. Sess. Laws § 15, to delete all the provisions relating to a sentence of imprisonment for a murder conviction. HRS § 706–656 (Supp. 1991) now governs such sentences.

However, the State correctly points out that in *State v. Guerrios*, 7 Haw. App. 424, 774 P.2d 246 (1989), we held that under HRS § 706–660.1(a) the finding that the defendant used a firearm in committing a felony did not have to be made by the jury; the finding could be made by the sentencing judge. *Guerrios* applied the two–step process set forth in *State v. Huelsman*, 60 Haw. 71, 588 P.2d 394 (1978), where the supreme court held that in imposing an extended prison term under HRS § 706–662, the sentencing court must find (1) beyond a reasonable doubt that the defendant is within the class of offenders to which the statute applies; and (2) in accordance with the requirements of ordinary sentencing, that the extended term of imprisonment is necessary for the public's protection.

In *Estrada*, the supreme court marked the divergence of *Estrada* and *Huelsman* when it noted that *Huelsman* established "different procedures for sentencing under the multiple offender statutes, HRS §§ 706–662 (1985) and 706–664 (1985)." *Estrada*, 69 Haw. at 230, 738 P.2d at 829. However, the supreme court did not state the reasons for the difference.

In our view, the difference is based on the nature of the aggravating circumstances in the two statutes. In *Huelsman*, the supreme court stated:

> The determination that the defendant is a member of the class of offenders to which the particular subsection of § 662 applies involves "historical facts", the proof of which exposes the defendant to punishment by an extended term sentence, similarly to the manner in which the proof of his guilt exposes him to ordinary sentencing.

*Huelsman*, 60 Haw. at 79, 588 P.2d at 400.

In contrast, the aggravating circumstances of HRS § 706–660.1 were considered by the supreme court in *Estrada* as so enmeshed in the commission of the crime charged that the court stated that those facts *must* be alleged in the indictment in order to give the defendant notice that they will be relied on to prove the defendant's guilt and support the sentence to be imposed, and they must be determined by the trier of fact.

The aggravating circumstance in *Guerrios*, i.e., that a firearm was used in committing a felony, was the type of aggravating circumstance so enmeshed in the commission of the charged offense that it was required to be found by the jury, as in *Estrada*. In *Guerrios*, we erroneously followed *Huelsman* rather than *Estrada*. Consequently, to the extent that *Guerrios* is contrary to the opinion we render here, *Guerrios* is overruled.

In this case, also, it is clear that the use of a handgun was a fact enmeshed in the kidnapping. Consequently, *Estrada* applies. The aggravating circumstance should have been alleged in the indictment and determined by the trier of fact. Since the aggravating circumstance was not alleged in the indictment, the mandatory minimum sentence was illegally imposed and must be vacated.[11]

We reject the State's argument that the allegation in Count I that a gun was used in the robbery can be deemed as incorporated by reference in Count II pursuant to Rule 7(d), Hawai'i Rules of Penal Procedure (1983). Count II contains no language incorporating or referring to Count I. 41 AM. JUR. 2d *Indictments And Informations*

---

[11] In view of our ruling, we do not discuss Defendant's argument that the trial court failed to find beyond a reasonable doubt that a gun was used in committing the kidnapping offense.

§ 75 (1968); 1 C. WRIGHT, FEDERAL PRACTICE AND PROCE-DURE: *Criminal 2d* § 123 (1982).

### III.

In accordance with our decision in Part I above, we reject Defendant's argument that the court erred in denying his motion for reduction of sentence without ordering a pre–sentence correctional diagnosis and report.

### CONCLUSION

We affirm the Order except with respect to the mandatory minimum sentence imposed in Count II. This matter is remanded to the trial court with instructions to vacate the mandatory minimum sentence imposed in Count II.

*Eric W. Schroeder*, defendant–appellant, *pro se*, on the opening brief and *Myles S. Breiner* on the reply brief.

*James M. Anderson*, Deputy Prosecuting Attorney, City and County of Honolulu, on the brief for plaintiff–appellee.