920 P.2d 372

**STATE of Hawai'i, Plaintiff–Appellee,**

v.

**Agapito NAVOR, Jr., Defendant–Appellant.**

No. 17110.

Intermediate Court of Appeals of Hawai'i.

June 17, 1996.

Mark R. Zenger, on the briefs, Lihue, Kauai, for defendant-appellant.

Alfred B. Castillo, First Deputy Prosecuting Attorney, County of Kauai, on the brief, Lihue, Kauai, for plaintiff-appellee.

Before WATANABE, ACOBA and KIRIMITSU, JJ.

KIRIMITSU, Judge.

Defendant–Appellant Agapito Navor, Jr. (Defendant) challenges the trial court's imposition of mandatory minimum terms of im-

prisonment on his sentence as violative of his due process rights because he did not receive reasonable notice of the intended imposition of such an enhanced sentence.[1] We agree and remand this case to the circuit court with instructions to vacate that part of Defendant's sentence that imposes mandatory minimum terms.

## I. BACKGROUND

On January 30, 1991, a complaint was filed against Defendant charging him with kidnapping in violation of Hawai'i Revised Statutes (HRS) § 707–720 (1993) (Count I), terroristic threatening in the first degree in violation of HRS § 707–716(1)(d) (1993) (Count II), burglary in the first degree in violation of HRS § 708–810(1)(c) (1993) (Count III), and murder in the second degree in violation of HRS § 707–701.5 (1993) (Count IV).[2] On November 15, 1991, the jury returned its verdict finding Defendant guilty as charged on Counts II and III and guilty of the lesser included offenses of unlawful imprisonment in the second degree on Count I and of manslaughter on Count IV.

On February 11, 1992, Plaintiff–Appellee State of Hawai'i (the State) filed a Motion for Extended Term of Imprisonment pursuant to HRS chapter 706. On February 14, 1992, the trial court held a consolidated proceeding wherein it heard and denied the State's motion for extended sentence and sentenced Defendant to the following terms: one year's incarceration for Count I; five years' incarceration with a mandatory minimum term of imprisonment of three years for Count II; ten years with a mandatory minimum term of imprisonment of five years for Count III; and ten years with a mandatory minimum term of imprisonment of five years for Count IV.

On May 13, 1992, Defendant filed a Motion for Reconsideration of Sentence and/or to Correct Illegal Sentence pursuant to Hawai'i

1. In his opening brief, Defendant–Appellant Agapito Navor, Jr. (Defendant) relied primarily on our opinion in *State v. Schroeder*, 10 Haw. App. 535, 880 P.2d 208, *reconsideration denied*, 9 Haw.App. 660, 845 P.2d 1206 (1992), *aff'd on other grounds*, 76 Hawai'i 517, 880 P.2d 192 (1994). In that opinion, we vacated the mandatory minimum sentence imposed on a kidnapping conviction. We reasoned that the charge of the indictment for kidnapping did not expressly indicate that a firearm was used in the commission of the offense, thus depriving the defendant of fair notice that he will be subject to mandatory minimum terms of imprisonment. On appeal, Defendant argued that his enhanced sentence was illegal because the charge of the indictment for Counts III and IV did not indicate that a firearm was used in the commission of the charged offenses.

   Subsequently, the Hawai'i Supreme Court reviewed our opinion in *Schroeder* and held that whether the indictment alleges the use of a handgun is not dispositive of the issue of notice. Nevertheless, the supreme court held that we were mistaken in holding that the sentence was illegal because the kidnapping charge on the indictment did not allege the use of a handgun. *State v. Schroeder*, 76 Hawai'i 517, 530, 880 P.2d 192, 205 (1994). The supreme court explained that an "indictment must be read in a commonsensical fashion in order to ascertain whether the material aggravating circumstance has been sufficiently alleged therein to support the imposition of enhanced sentencing." Applying this common sense approach, the supreme court looked at the first count charged in the indictment which expressly alleged the use of a handgun.

The supreme court then examined the kidnapping count which referred to the first count and held that a plain reading of the kidnapping charge leads to the conclusion that the use of a handgun was also being alleged in the kidnapping count even if not expressly stated. *Id.*

In the present case, Count II of the indictment against Defendant alleged the use of a rifle. As a result, we hold that Counts III and IV of the indictment can be plainly read to also allege the aggravating circumstance of using a dangerous instrument even if not expressly stated in the charge.

2. Hawai'i Revised Statutes (HRS) § 707–720 (1993) provides in relevant part that "[a] person commits the offense of kidnapping if the person intentionally or knowingly restrains another person with intent to ... [t]errorize that person[.]" HRS § 707–716(1)(d) (1993) provides that "[a] person commits the offense of terroristic threatening in the first degree if the person commits terroristic threatening ... [w]ith the use of a dangerous instrument." HRS § 708–810(1)(c) (1993) provides in relevant part that "[a] person commits the offense of burglary in the first degree if the person intentionally enters or remains unlawfully in a building, with intent to commit therein a crime against a person ... and ... [t]he person recklessly disregards a risk that the building is the dwelling of another, and the building is such a dwelling." HRS § 707–701.5 (1993) provides in relevant part that "a person commits the offense of murder in the second degree if the person intentionally or knowingly causes the death of another person."

Rules of Penal Procedure Rule 35.[3] On May 3, 1993, the trial court granted Defendant's motion in part by vacating the mandatory minimum term of imprisonment imposed for Count II. This timely appeal followed.

## II. DISCUSSION

■ On appeal, Defendant argues that the trial court erred when it denied his motion to correct his sentence as to Counts III and IV. Specifically, Defendant asserts that the imposition of mandatory minimum terms in Counts III and IV constitutes an illegal sentence because he was not given fair notice that he would be subject to enhanced sentencing under HRS § 706–660.1 (1993).[4]

■ In *State v. Schroeder*, 76 Hawai'i 517, 531, 880 P.2d 192, 206 (1994), the Hawai'i Supreme Court made clear that "before a defendant may be sentenced to a mandatory minimum term of imprisonment pursuant to HRS § 706–660.1, due process requires that he or she must … be given reasonable notice of its intended application and afforded the opportunity to be heard."

Schroeder was convicted of kidnapping and robbery in the first degree on January 30, 1987. On March 10, 1987, the prosecution filed a motion for imposition of a mandatory minimum term sentence of ten years pursuant to HRS § 706–660.1(a) (1985). *Id.* at 520, 880 P.2d at 195. Following a March 25, 1987 hearing, the trial court granted the prosecution's motion for imposition of a mandatory minimum term, and sentenced Schroeder to two concurrent indeterminate twenty-year prison terms with "*two* concurrent mandatory minimum prison terms of ten years pursuant to HRS Sec. 706–660.1(a)."

*Id.* at 521, 880 P.2d at 196 (emphasis added). The Hawai'i Supreme Court closely examined the wording of the prosecution's motion and its supporting affidavit, the prosecution's argument during the hearing on the motion, and the trial court's oral ruling. Such scrutiny led the Hawai'i Supreme Court to conclude

that (1) the prosecution sought the imposition of *one* mandatory minimum prison term; (2) defense counsel relied on that premise in fashioning his sentencing arguments; and (3) the prosecution's sentencing arguments not only failed to suggest a contrary premise, but rather reinforced its clear objective of obtaining *one* mandatory minimum prison [term]. Nevertheless, the circuit court, *sua sponte*, ordered *two* concurrent mandatory terms—one for each count of the indictment.

*Id.* at 532, 880 P.2d at 207.

The supreme court held that the State violated Schroeder's constitutional rights under the due process clause of article I, section 5, of the Hawai'i Constitution (1978), to be given reasonable notice of the trial court's intention to apply HRS § 706–660.1(a) in connection with his kidnapping conviction and to be afforded the opportunity to be heard with respect thereto. Therefore, the supreme court remanded Schroeder's case to the court and instructed it to vacate the mandatory minimum term imposed for the kidnapping conviction. *Id.*

In the present case, the record does not indicate that the State provided Defendant with notice, prior to sentencing, that it intended to seek a mandatory minimum term sentence pursuant to HRS § 706–660.1 in connection with Counts III and IV. The

**3.** Hawai'i Rules of Penal Procedure Rule 35 provides in relevant part, "The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence."

**4.** HRS § 706–660.1 (1993) provides in relevant part:
**Sentence of imprisonment for use of a firearm, semiautomatic firearm, or automatic firearm in a felony.** (1) A person convicted of a felony, where the person had a firearm in the person's possession or threatened its use or used the firearm while engaged in the commis-

sion of the felony, whether the firearm was loaded or not, and whether operable or not, may in addition to the indeterminate term of imprisonment provided for the grade of offense be sentenced to a mandatory term of imprisonment without possibility of parole or probation the length of which shall be as follows:
....
(c) For a class B felony—up to five years[.] Count III, burglary in the first degree, and Count IV, manslaughter, are class B felonies. HRS § 708–810(3) (1993) and HRS § 707–702(3) (1993), respectively.

State's February 11, 1992 Motion for Extended Term of Imprisonment indicated that it was "based on [HRS] chapter 706, the Affidavit, and the records and files therein." [5] The "Affidavit" referred to in the motion, prepared by the deputy prosecuting attorney, was in support of a motion for extended sentence. The Affidavit is, understandably, void of any language that can be reasonably construed as providing notice of the State's intention to seek a mandatory minimum sentence.[6]

The only indication that we found in the record that the trial court intended to impose mandatory minimum terms of imprisonment on Defendant was in a bench conference at the beginning of the February 14, 1992 consolidated hearing. The exchange went as follows:

> THE COURT: Counsel, with reference to this case I don't think there is a doubt that there was a use of a firearm.
>
> [DEFENSE COUNSEL]: No, your Honor.
>
> THE COURT: Commission of the offenses that the [D]efendant is subject to a mandatory minimum of imprisonment pursuant to Section 706–660.1A three and four.
>
> [DEFENSE COUNSEL]: That's correct, your Honor. Although I'll note for the record that that is not something that the Court is required to do in the Court's discretion.
>
> THE COURT: The Court understands that. Okay. Let's proceed.

Although Defendant's counsel acquiesced to the trial court's position that Defendant was subject to mandatory minimum terms, the discussion occurred in the beginning of the sentencing proceeding and, more importantly, was conducted at the bench outside of Defendant's hearing.

■ "The purpose of notice is to ensure that *interested parties* are apprised of the pendency of any proceeding which is to be accorded finality. Given notice, parties are able to determine how to respond and prepare for the issues involved in the hearing." *Schroeder,* 76 Hawai'i at 517, 880 P.2d at 206 (citations omitted and emphasis added). Consequently, we hold that Defendant was not given reasonable notice of the intended application of the mandatory minimum term statute. Defendant was effectively denied the opportunity to prepare for the issues presented by HRS § 706–660.1 and to craft a response to challenge the enhancement of his sentence. Therefore, we remand this case to the circuit court with instructions to vacate the mandatory minimum term sentences imposed in Counts III and IV.

## III. CONCLUSION

For the reasons set forth above, we vacate that portion of the circuit court's May 3, 1993 Order Partially Granting Defendant Agapito Navor, Jr.'s Motion for Reconsideration of Sentence and/or to Correct Illegal Sentence Filed on May 13, 1992 that left intact the mandatory minimum terms of incarceration imposed in Counts III and IV. Further, we remand this case to the circuit court with

5. Extended terms of imprisonment for felony are governed by HRS §§ 706–661 and –662 (1993).

6. The deputy prosecuting attorney averred in relevant part:
   2. That on November 15, 1991, [D]efendant was convicted of Unlawful Imprisonment in the Second Degree, Terroristic Threatening in the First Degree, Burglary in the First Degree, and Manslaughter;
   3. That [D]efendant's failure to successfully complete the Alternatives to Violence program shows that [D]efendant is a violent person that refused to be rehabilitated;
   4. That [D]efendant is dependent on alcohol and regularly consumes illegal drugs;
   5. That all of [D]efendant's mental examiners found that [D]efendant possessed the capacity to appreciate the wrongfulness of his conduct and possessed the ability to conform his conduct to the requirements of the law. That [D]efendant exhibited a callous disregard for laws enacted for the safety and welfare of society;
   . . . .
   7. That [D]efendant used a firearm in the commission of the crime;
   . . . .
   10. That [D]efendant is a multiple offender whose criminal actions are so extensive that a sentence of imprisonment for an *extended term* is necessary for the protection of the public. . . .
   (Emphasis added.)

instructions to vacate the mandatory minimum terms imposed against Defendant in Counts III and IV. That portion of the May 3, 1993 order vacating the mandatory minimum term imposed on Count II is affirmed.