933 P.2d 1386

**STATE of Hawai'i, Plaintiff–Appellant,**

v.

**Norman E. KANG, Jr., Defendant–Appellee.**

**No. 17333.**

Intermediate Court of Appeals of Hawai'i.

March 6, 1997.

**354**

Mark R. Simonds, Deputy Prosecuting Attorney, County of Maui, on the briefs, for plaintiff-appellant.

Joyce K. Matsumori–Hoshijo, Deputy Public Defender, on the brief, for defendant-appellee.

Before BURNS, C.J., and WATANABE and ACOBA, JJ.

ACOBA, Judge.

■ We hold in this appeal by Plaintiff–Appellant State of Hawai'i (the State) that for the reasons set forth herein, the second circuit court (the court) was correct in denying the State's Hawai'i Revised Statutes (HRS) § 706–660.1(3)(d) (1993) motion for a mandatory minimum term of imprisonment for Defendant–Appellee Norman E. Kang, Jr. (Defendant) because the allegation in the State's complaint that Defendant used a "rifle" in the commission of a felony was legally insufficient to notify Defendant of the pertinent aggravating circumstance in Section (3)(d), that is, that the rifle was a "semiautomatic" firearm. We hold further that this insufficiency was a matter of "substance" and was not cured by proceedings at Defendant's change of plea or sentencing hearings.

I.

A.

On March 25, 1993, as part of a plea bargain, Defendant pled no contest to Count I and Count VI,[1] two counts of a December 31, 1992 six-count complaint. Part of the plea agreement provided that "[t]he State may move for a prison term of five years and a mandatory minimum term of five years, and the Defendant may argue for probation and no jail." At the plea hearing, Defendant

acknowledged the court's statement that "if the State makes the proper motion[,] the Court may have to grant the motion for a minimum mandatory term of five [years in prison.]"

Count I of the complaint is pertinent here. It charged Defendant as follows:

That on or about the 30th day of December, 1992, in the County of Maui, State of Hawaii [Hawai'i], NORMAN E. KANG, JR., with intent to terrorize, or in reckless disregard of the risk of terrorizing Whitney Borden, did threaten, by word or conduct, to cause bodily injury to Whitney Borden *with the use of a dangerous instrument, to wit, a .30–06 caliber rifle,* thereby committing the offense of Terroristic Threatening in the First Degree in violation of Section 707–716(1)(d) of the Hawaii [Hawai'i] Revised Statutes.

(Emphasis added.)

On June 4, 1993, the State moved for imposition of a mandatory minimum term of imprisonment of five years pursuant to HRS § 706–660.1(3)(d). That section states:

(3) A person convicted of a felony, *where the person had a semiautomatic firearm or automatic firearm* in the person's possession or used or threatened its use *while engaged in the commission of the felony,* whether the semiautomatic firearm or automatic firearm was loaded or not, and whether operable or not, *shall* in addition to the indeterminate term of imprisonment provided for the grade of offense be sentenced to a mandatory minimum term of imprisonment without possibility of parole or probation the length of which shall be as follows:

. . . .

(d) For a class C felony—five years.

(Emphases added.)

Defendant filed a memorandum in opposition to the motion, contending that he had

---

1. Count VI charged Defendant–Appellee Norman E. Kang, Jr. (Defendant), as follows:

That on or about the 30th day of December, 1992, in the County of Maui, State of Hawaii [Hawai'i], NORMAN E. KANG, JR., having been indicted or convicted in this State or elsewhere of having committed a felony or any

crime of violence or an illegal sale of any drug, did intentionally, knowingly, or recklessly own, possess, or control a firearm, to wit, a .30–06 caliber rifle, thereby committing the offense of Felon in Possession of a Firearm in violation of Section 134–7(b) of the Hawaii [Hawai'i] Revised Statutes (HRS).

been "given inadequate notice of the aggravating circumstance of [a] semi-automatic firearm by the Complaint," citing *State v. Schroeder*, 10 Haw.App. 535, 880 P.2d 208, *cert. granted*, 74 Haw. 652, 843 P.2d 144 (1992) [hereinafter *Schroeder I* ].

At the first sentencing hearing held on June 4, 1993, defense counsel stipulated that if called to testify, Detective Charles Hirata would testify for the State that the rifle recovered from Defendant was a semi-automatic rifle.[2]

At the continued sentencing hearing on June 23, 1993, the court heard argument on the State's motion. The court indicated that Defendant's acknowledgment of his potential liability under HRS § 706–660.1(3)(d) at his change of plea hearing on March 25, 1993, may have been a "waiver" of the notice required under *Schroeder I*. When asked if she thus wished to withdraw Defendant's plea, defense counsel declined to do so. Defense counsel reiterated that "*Schroeder [I]* says [the term 'semi-automatic'] has to be in the complaint."

The court apparently agreed with Defendant's argument, orally denied the State's motion for a mandatory minimum sentence under HRS § 706–660.1(3)(d), and sentenced Defendant to five years' probation on the conditions that Defendant serve six months in prison and perform 200 hours of community service at a rate of at least twenty hours a month.[3] Judgment was entered accordingly on June 23, 1993.

On July 7, 1993, the court entered a written order denying the State's motion.

B.

On certiorari to the Hawai'i Supreme Court, this court's decision in *Schroeder I* was affirmed but on different grounds. *State v. Schroeder*, 76 Hawai'i 517, 518, 880 P.2d 192, 193 (1994) [hereinafter *Schroeder II* ]. In *Schroeder II*, the Hawai'i Supreme Court stated,

> [I]f the "aggravating circumstances" justifying the imposition of an enhanced sentence are "enmeshed in," or, put differently, *intrinsic* to the "commission of the crime charged," then, ... *such aggravating circumstances "must be alleged in the indictment in order to give the defendant notice that they will be relied on to prove the defendant's guilt and support the sentence* to be imposed, and that they must be determined by the trier of fact."

*Id.* at 528, 880 P.2d at 203 (quoting *Schroeder I*, 10 Haw.App. at 539–40, 880 P.2d at 212–13) (emphasis added). Here, the aggravating circumstance of the use of a rifle was enmeshed in the commission of terroristic threatening because the rifle was used to threaten the complaining witness. *Cf. Schroeder II*, 76 Hawai'i at 528–29, 880 P.2d at 203–04 (Hawai'i Supreme Court agreeing with the Hawai'i Intermediate Court of Appeals that "the use of a handgun was a fact enmeshed in the kidnapping charge"). Thus, the State was required to allege the use of a firearm in Count I of the instant case in order to subject Defendant to an "enhanced sentence."

The allegation that a rifle was used in the offense may have sufficed to meet the re-

---

2. Prior to sentencing, the court ordered that a pre-sentence report be prepared for Defendant. We note that the pre-sentence report listed "Use of Firearm in Commission of Felony (HRS [§ ] 706–660.1)" as a sentencing alternative but did not mention the mandatory minimum sentence of five years for possession of a semi-automatic firearm as a sentencing alternative.

  The possible sentencing dispositions listed for Defendant in the pre-sentence report included:
    Probation for 5 years (HRS [§ ] 706–623)
    Imprisonment for 5 years (HRS [§ ] 706–660(2))
    Imprisonment for 4 years—Young Adult Defendant (HRS [§ ] 706–667(3))

    Extended Term of Imprisonment (HRS [§ ] 706–662)
    Multiple Offender (HRS [§ ] 706–662(4))
    Multiple Sentence of Imprisonment (HRS [§ ] 706–668.5)

3. Under the terms of his probation, Defendant was also required to remain in outpatient drug or alcohol treatment until clinically discharged, refrain from the use of drugs or alcohol, submit to testing at Defendant's expense, and refrain from owning, possessing, or controlling any firearm or ammunition. Defendant also signed a waiver of extradition.

quirements of HRS § 706–660.1(1) (1993), which gives the court *discretion* to impose a mandatory term of imprisonment of *three* years for use of a "firearm while engaged in the commission of a felony[.]" HRS § 706–660.1(1) states:

> (1) A person convicted of a felony, where the *person had a firearm* in the person's possession or threatened its use or used the firearm *while engaged in the commission of the felony,* whether the firearm was loaded or not, and whether operable or not, *may* in addition to the indeterminate term of imprisonment provided for the grade of offense be sentenced to a mandatory minimum term of imprisonment without possibility of parole or probation the length of which shall be as follows:
>
> . . . .
>
> (d) For a class C felony—up to three years.

(Emphases added.)

Under HRS § 706–660.1, however, the term "firearm" does not include a "semiautomatic firearm" or "automatic firearm." HRS § 706–660.1(4) states:

> (a) *"Firearm"* has the same meaning defined in section 134–1 except that it *does not include "semiautomatic firearm"* or *"automatic firearm."* [4]
>
> (b) "Automatic firearm" has the same meaning defined in section 134–1. [5]
>
> (c) "Semiautomatic firearm" means any firearm that uses the energy of the explosive in a fixed cartridge to extract a fired cartridge and chamber a fresh cartridge with each single pull of the trigger.

(Emphases added.) (Footnotes added.)

The State, as previously indicated, moved for a term of imprisonment under HRS § 706–660.1(3)(d) rather than under HRS § 706–660.1(1). HRS § 706–660.1(3)(d) pertains only to the use of "a semiautomatic firearm or automatic firearm ... while engaged in the commission of a felony" and, unlike HRS § 706–660.1(1), requires the court to impose the mandatory term upon a finding of the appropriate facts. *State v. Brantley,* 84 Hawai'i 112, 124, 929 P.2d 1362, 1374 (App.1996) (holding that "sentencing court *must* impose the mandatory minimum term of imprisonment specified under HRS § 706.660.1(3) upon the filing of an appropriate motion and a finding that a defendant had a semiautomatic firearm or automatic firearm in his or her possession or used or threatened its use while engaged in the commission of the felony") (emphasis added) (footnote and internal quotation marks omitted). Reading the language "in a common-sensical fashion in order to ascertain whether the material aggravating circumstance has been sufficiently alleged therein to support the imposition of enhanced sentencing," *Schroeder II,* 76 Hawai'i at 530, 880 P.2d at 205, we conclude Count I failed to notify Defendant that the State would seek to obtain a mandatory sentence under the compulsory provisions of HRS § 706–660.1(3)(d). Nothing in the language of Count I indicates "in a common-sensical fashion" that the weapon used was a *semi-automatic* or *automatic* firearm, as opposed to one which was not. *Id.* Thus, "the material aggravating circumstance" was not "sufficiently alleged." *Id.*

Accordingly, we conclude that the court reached the correct result because the complaint failed to properly allege, and thereby, notify Defendant of his criminal liability under HRS § 706–660.1(3)(d).

---

4. "Firearm" is defined in HRS § 134–1 as "any weapon, for which the operating force is an explosive, including but not limited to pistols, revolvers, rifles, shotguns, automatic firearms, noxious gas projectors, mortars, bombs, and cannon."

5. "Automatic firearm" is defined in HRS § 134–1 as

> any firearm that shoots, is designed to shoot, or can be *readily modified* to shoot automatically more than one shot, without a manual reloading, by a single function of the trigger. This term shall also include the frame or receiver of any such firearm, any part designed and intended solely and exclusively, or any combination of parts designed and intended, for use in converting a firearm into an automatic firearm, and any combination of parts from which an automatic firearm can be assembled if the parts are in the possession or under the control of a single person.

## II.

The State maintains, however, that the fact that the weapon was a semi-automatic one was a "historical fact" which was not intrinsic to the charge, and therefore need not have been alleged in the complaint. Therefore, the State reasons this "historical fact" may be proven at the sentencing hearing.

### A.

But "'historical facts' are [those] *wholly extrinsic* to the specific circumstances of the defendant's offense[s]." *Schroeder II,* 76 Hawai'i at 528, 880 P.2d at 203. Thus, historical facts are "wholly independent of the *allegation* of any foundational 'aggravating circumstances' in the indictment or complaint containing the charges against the defendant." *Id.* (emphasis added) (citation omitted). That the rifle was a semiautomatic one was a fact specific to Defendant's charge and supportive of an enhanced sentence and therefore must, unlike a "historical fact," be pled in the charge. *Id.*

Moreover, "due process requires that an indictment contain all the essential elements of the offenses charged, and the omission of an essential element of the crime charged is a defect in substance[.]" *State v. Apao,* 59 Haw. 625, 634–35, 586 P.2d 250, 257 (1978) (citations and internal quotation marks omitted). Hence, the State must also "include in the indictment *the allegations, which if proved, would result in application of a statute enhancing the penalty* for the crime committed."[6] *Apao,* 59 Haw. at 636, 586 P.2d at 258. The due process requirement that aggravating circumstances which support an "enhanced" sentence be alleged in the charging document then extends to "sentencing statutes providing for mandatory minimum prison terms," *Schroeder II,* 76 Hawai'i at 526 n. 13, 880 P.2d at 201 n. 13, such as HRS § 706-660.1(3)(d).

### B.

We note further that under HRS § 706-660.1(3)(d), the aggravating circumstance is not merely the use of a rifle but the use of a rifle which is a semi-automatic or automatic one. The bare allegation that Defendant used a firearm ignores the distinction in HRS § 706-660.1 between the category of defendants who use semi-automatic and automatic firearms and the category of defendants who use non-semiautomatic and non-automatic firearms. In enacting HRS § 706-660.1(3)(d), the legislature sought to compel the courts to order mandatory prison terms for the former:

> Your Committee has addressed the very real concern within the community regarding the use by criminals of semiautomatic "assault" weapons. To that end, your Committee has amended the bill by adding a new subsection to Section 706-660.1, Hawaii [Hawai'i] Revised Statutes, to provide for severe mandatory minimum sentences for the use of these weapons in the commission of a felony. Under current law a first "firearm felony" offender may be sentenced to a minimum term of up to 15 years while a second "firearm felony" offender must be sentenced to a mandatory minimum term of up to 20 years. *This bill would require that a first semi-automatic or automatic "firearm felony" offender be sentenced to a mandatory minimum term of up to 20 years. Your Committee believes that these harsh sentences are necessary to keep these weapons out of the hands of criminals.*

Sen.Stand.Comm.Rep. No. 3058, in 1990 Senate Journal, at 1243 (emphases added).

Therefore, the reference to a firearm alone fails to notify a defendant of the determining aggravating factor which, under HRS § 706-660.1, places him in the section (3)(d) category as opposed to the section (1) category. As a result, the allegation in the complaint failed to give Defendant "fair notice" that he was potentially subject to the compulsory sentencing provisions made applicable under HRS § 706-660.1(3)(d) to a defendant who possessed or used a semi-automatic or auto-

---

6. The fact that *State v. Apao,* 59 Haw. 625, 586 P.2d 250 (1978) concerned an indictment rather than a complaint, as in the instant case, is not material to this due process requirement.

matic weapon. *See Brantley,* 84 Hawaiʻi at 124, 929 P.2d at 1374.

## III.

### A.

The State's second contention is that due process was not violated because "the prosecution made it clear prior to sentencing that it intended to request" the mandatory sentence under HRS § 706–660.1(3)(d). The State makes three points in support of this contention:

1. The change of plea form stated, "The State may move for . . . a mandatory minimum term of five years;"

2. The prosecution stated at the plea hearing that "there's also a provision under [HRS] 706–606.1 for the use of a semi-automatic weapon in the commission of a felony that provides for a five[-]year mandatory minimum," the Defendant acknowledged the court's statement that it "may have to grant [the State's] motion for a mandatory minimum term of five," and defense counsel acknowledged that as part of the plea bargain the State "may" file the subject motion; and

3. Defense counsel stipulated that a police officer who would be called as a witness at the sentencing hearing would testify the subject rifle was a semi-automatic rifle.

### B.

■ As to the first and second points, we do not believe the change of plea proceedings provided Defendant the "fair notice" required by *Schroeder II.*

That the plea bargain recited that the State was free to move for a mandatory

sentence under HRS § 706–660.1, that defense counsel conceded the State's option to do this, and that the Defendant acknowledged this agreement did not vitiate the complaint's infirmity. The "unequivocal rule" affirmed in *Schroeder II* was that "fair notice" of an enhanced sentence sought against a "defendant requires that the aggravating circumstances must be alleged in the [charging document] and found by . . . [the trier of fact]." *Schroeder II,* 76 Hawaiʻi at 527, 880 P.2d at 202. Absent the proper allegation of aggravating circumstances in the charging document, as here, a defendant is not afforded proper notice.

We point out also that under the plea bargain, the court was not foreclosed from considering probation as a sentencing alternative, the State having agreed that Defendant might request such a sentence. In this context, it is doubtful that a defendant would be sufficiently apprised of his or her jeopardy under HRS § 706–660.1(3)(d). Upon a finding that Defendant's firearm was a semi-automatic one, a sentencing court would be compelled to sentence Defendant to a mandatory five-year term, *Brantley,* 84 Hawaiʻi at 124, 929 P.2d at 1374, without the discretion to consider probation.[7] Under the plea bargain's terms, however, Defendant's exposure to a compulsory five-year prison term under HRS § 706–660.1(3)(d) was seemingly equipoised with the prospect of probation. But *Schroeder II* traces its origin to the proposition that fair notice of the risk of an enhanced sentence should exclude the "possibility of probation":

> "The inclusion of this [aggravating circumstance subjecting defendant to greater punishment] in the information and verdict will give the defendant notice prior to trial that if convicted, and if the jury finds the facts causing the aggravation are correct, the defendant *will have no possibility of probation.*"

7. If the complaint had properly alleged that Defendant's rifle was a semi-automatic weapon, the court would have been required to sentence Defendant to a mandatory term of imprisonment under HRS § 706–660.1(3). *State v. Brantley,* 84 Hawaiʻi 112, 929 P.2d 1362 (App.1996). A simi-

lar plea bargain under such a circumstance may raise a question of whether Defendant had been effectively represented. This aside, it is difficult to conceive how the issues raised in the instant case would otherwise arise.

*Schroeder II*, 76 Hawai'i at 526, 880 P.2d at 201 (quoting *State v. Frazier*, 81 Wash.2d 628, 503 P.2d 1073, 1077 (1972)) (emphasis added). Thus, because the plea bargain here left open the possibility of probation, it would not furnish a defendant the required due process notice of his or her exposure to the compulsory sentence under HRS § 706–660.1(3)(d).

### C.

■ As to the third point, defense counsel disputes that she entered into a sentence hearing stipulation that the rifle was a semi-automatic one. We have already determined that the semi-automatic nature of the rifle was a fact "intrinsic" to the offense. As a result this fact was not an "historical fact" provable at the sentencing hearing by stipulation or otherwise.

### IV.

Accordingly, the court's order of July 7, 1993 denying the State's motion for imposition of a mandatory minimum period of imprisonment and the judgment of June 23, 1993 are affirmed.[8]

---

8.  Of course, similar controversies at the trial and appellate level can be easily obviated in the future if the prosecution makes specific reference in the charging document to the enhanced sentencing statute sought to be applied.