STATE OF HAWAI`I, Plaintiff-Appellee,
v.
ERNIE GOMEZ, Defendant-Appellant
No. 27729
Intermediate Court of Appeals of Hawaii
December 26, 2007.
On the briefs:
Taryn R. Tomasa, Deputy Public Defender, for Defendant-Appellant.
Donn Fudo, Deputy Prosecuting Attorney, City and County of Honolulu, for Plaintiff-Appellee.

SUMMARY DISPOSITION ORDER
WATANABE, Presiding Judge, FOLEY and NAKAMURA, JJ.
Defendant-Appellant Ernie Gomez (Gomez) appeals from the Judgment of Conviction and Sentence filed on January 5, 2006 in the Circuit Court of the First Circuit (circuit court).[1] A jury found Gomez guilty of Terroristic Threatening in the First Degree (TT1) (Count I), in violation of Hawaii Revised Statutes (HRS) § 707-716(1)(d) (1993), and Abuse of Family or Household Members (Count IV), in violation of HRS § 709-906 (Supp. 2005).
On appeal, Gomez raises the following five points of error:
(1) The circuit court improperly commented on the evidence when it included in the jury instructions and verdict form a reference to the fact that Count I (TT1) allegedly involved a semiautomatic firearm.
(2) The circuit court's jury instructions and related special interrogatory for Count I were prejudicially confusing, and insufficient and placed undue influence on one element  the semiautomatic firearm.
(3) The circuit court's jury instruction and special interrogatory as to Count I were misleading and erroneous because, as written, they failed to connect the commission of TT1 with Gomez's possession of the semiautomatic firearm and they mandated that Gomez receive a particular maximum sentence.
(4) The unanimity instruction was prejudicially insufficient.
(5) The circuit court erred in granting the Motion for Mandatory Term of Imprisonment.
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Gomez's points of error as follows:
(1) Gomez did not object to the jury instructions and thus we review only for plain error. State v. Sawyer, 88 Hawai`i 325, 330, 966 P.2d 637, 642 (1998).[2]
(2) The circuit court did not improperly comment on the evidence by including in the jury instructions a reference to the fact that Count I (TT1) allegedly involved a semiautomatic firearm.
Gomez takes issue with the following: (a) the circuit court's verbal jury instruction as follows:
As to Count I, you may return one of the following verdicts:
. . . .
2. Guilty as charged (Terroristic Threatening in the First Degree) (semi-automatic firearm)[.]
and (b) the written verdict form as follows:
(AS TO COUNT I: TERRORISTIC THREATENING IN THE FIRST DEGREE) (SEMI-AUTOTMATIC [SIC] FIREARM)
The cases of State v. Nomura, 79 Hawai`i 413, 903 P.2d 718 (App. 1995)[3]; State v. Tanaka, 92 Hawai`i 675, 994 P.2d 607 (App. 1999); and State v. Crail, 97 Hawai`i 170, 35 P.3d 197 (2001), cited by Gomez, are all distinguishable.
In Crail, the Hawai`i Supreme Court held that the trial court's jury instructions' "direction . . . as to the places from which the exhibits were recovered or located, as opposed only to the identification of the exhibits" was not harmless error because it was the State's burden to prove the location of the exhibits and the trial court's instruction impermissibly relieved that burden. 97 Hawai`i at 181-82, 35 P.3d at 208-09. Tanaka is similar. 92 Hawai`i at 678-79, 994 P.2d at 610-11. In the instant case, the circuit court's jury instruction referred only to the semiautomatic weapon introduced into evidence as Exhibit 29 and did not relieve the State of its burden of proof that Gomez actually used that weapon while committing TT1.
(3) The jury instructions were not confusing and insufficient and did not, as Gomez contends, require the jury to "first find Gomez guilty of terroristic threatening with a semi-automatic and then later ask the jury whether they were unanimous as to whether Gomez possessed, used or threatened [Complainant] with a semi-automatic." The circuit court first instructed the jury:
A person commits the offense of [TT1] if, in reckless disregard of the risk of terrorizing another person, he threatens, by word or conduct, to cause bodily injury to another person with the use of a dangerous instrument, to wit, a semiautomatic firearm.
There are three material elements of [TT1], each of which the prosecution must prove beyond a reasonable doubt.
These three elements are:
1. That, on or about May 30, 2004, in the City and County of Honolulu, State of Hawaii, the defendant threatened, by word or conduct, to cause bodily injury to [Complainant]; and
2. That the defendant did so with the use of a dangerous instrument, to wit, a semiautomatic firearm; and
3. That the defendant did so in reckless disregard of the risk of terrorizing [Complainant].
The circuit court then instructed the jury to answer the following special interrogatory "if and only if you find that the prosecution has proven beyond a reasonable doubt that the defendant committed the offense of [TT1]":
1. Has the prosecution proven beyond a reasonable doubt that the Defendant had a semi-automatic firearm in his possession, or threatened the use of a semi-automatic firearm, or used a semi-automatic firearm while engaged in the commission of the Terroristic Threatening in the First Degree?
The circuit court's oral jury instruction was consistent with the printed verdict form. Neither the oral instruction nor the verdict form instructed the jury that it could find Gomez guilty of TT1 without finding that he made the threats of injury against Complainant and making an independent and unanimous finding that he did so with the use of a semiautomatic firearm.
(4) While erroneous jury instructions are presumptively harmful and require reversal, State v. Nichols, 111 Hawai`i 327, 334, 141 P.3d 974, 981 (2006), we disagree with Gomez's reading of the Count I special interrogatory; specifically, we conclude the interrogatory did not fail to "tie up possession of the semi-automatic firearm with the commission of the offense unlike the other two scenarios of threatening the use of or using the semi-automatic". The interrogatory presented a list of three options separated by commas and the word "or" and required that, to convict, the jury had to find that Gomez satisfied one option while he was "engaged in the commission of the Terroristic Threatening in the First Degree."
(5) The unanimity instruction was not prejudicially insufficient and did not fail, as Gomez argues, to require the jury to make a unanimous verdict with respect to every element of TT1 (Count I). The circuit court orally instructed the jury on the three elements of TT1: (1) that Gomez threatened Complainant with bodily harm, (2) with use of a semiautomatic firearm, and (3) in reckless disregard of terrorizing Complainant. The judge read the special interrogatory to the jury, and the circuit court provided the jury with a printed verdict form containing the special interrogatory. The special interrogatory was followed by the instruction:
A "Yes" answer to this question must be unanimous. If you are not unanimous in your answer to this question, then you must answer the question "No."
The circuit court then instructed the jury with the standard instruction:
A verdict must represent the considered judgment of each juror, and in order to return a verdict, it is necessary that each juror agree thereto. In other words, your verdict must be unanimous.
Gomez essentially argues that because the unanimity instruction was given after the special interrogatory, the jury would have assumed it applied only to that special interrogatory. The circuit court did not qualify or restrict the unanimity instruction in any way to apply to only one element of TT1. The jury was only to answer the special interrogatory "[i]f and only if" it found that Gomez was guilty of TT1. After giving the above-enumerated instructions and some procedural instructions (election of foreperson, signing of verdict form, non-discuddion of case, etc.), the circuit court again emphasized to the jury that their verdict must be unanimous. Gomez's assertion that the jury "very likely" convicted him by less than a unanimous verdict lacks support in the record and in our case law. The circuit court did not plainly err in its unanimity instruction.
(6) The circuit court did not err by granting the State's Motion for Mandatory Term of Imprisonment, and the State did not fail "to provide sufficient notice to Gomez of its intent to rely on statutory aggravating factors to impose a mandatory minimum term of imprisonment under HRS § 706-660.1(3)(d)." Hawai`i case law supports our holding that the reference in the Complaint to use of a semiautomatic weapon in Count I (TT1) provided sufficient notice to Gomez that mandatory sentencing could later be sought.[4]
Gomez mistakenly relies on State v. Kang, 84 Hawai`i 352, 933 P.2d 1386 (App. 1997), and State v. Schroeder, 76 Hawai`i 517, 880 P.2d 192 (1994), in support of his claim. Those cases simply state that the charging document must be examined "in a common-sensical fashion in order to ascertain whether the material aggravating circumstance has been sufficiently alleged therein to support the imposition of enhanced sentencing." Kang, 84 Hawai`i at 356, 933 P.2d at 1390 (quoting Schroeder, 76 Hawai`i at 530, 880 P.2d at 205). Examining the Complaint in this light, we easily conclude that the allegation that Gomez committed TT1 "with the use of a dangerous instrument, to wit, a semi-automatic firearm, in reckless disregard of the risk of terrorizing said [Complainant]" suffices to give notice of an aggravating circumstance. This court held, in Kang, that if the complaint therein had alleged that Kang's rifle was a semiautomatic weapon, that allegation would have sufficed as notice of an aggravating circumstance. 84 Hawai`i at 358 n.7, 933 P.2d at 1392 n.7. In the instant case, the Complaint did allege that Gomez made use of a semiautomatic firearm.
Therefore,
The Judgment of Conviction and Sentence filed on January 5, 2006 in the Circuit Court of the First Circuit is affirmed.
NOTES
[1] The Honorable Michael A. Town presided.
[2] This standard applies to every one of Gomez's points of error insofar as they challenge the circuit court's jury instructions.
[3] State v. Nomura, 79 Hawai`i 413, 903 P.2d 718 (App. 1995), is entirely irrelevant to this case. In Nomura, this court held that referring to a complaining witness as a "victim" in jury instructions constitutes impermissible commentary on the evidence. 79 Hawai`i at 416-17, 903 P.2d at 721-22.
[4] Gomez illogically suggests that the reference in the Complaint to a "semi-automatic firearm" merely served to distinguish Count I from Count II (alleging Gomez's use of a knife) and did not serve as an allegation of an aggravating circumstance. The fact that there was another count of TT1 that did not involve a semi-automatic firearm detracts nothing from the very simple fact that the Complaint complied with the requirement that it contain "the allegations, which if proved, would result in application of a statute enhancing the penalty for the crime committed." State v. Kang, 84 Hawai`i 352, 357, 933 P.2d 1386, 1391 (App. 1997) (internal quotation marks, citation, footnote, and emphasis in original omitted); see also Garringer v. State, 80 Hawai`i 327, 330, 909 P.2d 1142, 1145 (1996).